THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THE LEWY BROS. COMPANY, Plaintiff in Error.—SAME *vs.* CAHN, BLOCK & CO.—SAME *vs.* STRAUS & SCHRAM.

*Opinion filed June 20, 1911—Rehearing denied October 4, 1911.*

TAXES—*capital stock of a mercantile corporation should be assessed by the local assessor.* The capital stock of a mercantile corporation is property and should be assessed for taxation, but as section 108 of the Revenue act, as amended in 1905, expressly prohibits the assessment of the capital stock of such corporations by the State Board of Equalization the assessment must be made by the local assessor, and the State board has no power to make the assessment even though the local assessor does not do so. (*People* v. *National Box Co.* 248 Ill. 141, followed.)

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

LOUIS J. BEHAN, for plaintiffs in error.

GUSTAVUS J. TATGE, County Attorney, and WILLIAM F. STRUCKMANN, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Separate suits were brought in the municipal court of the city of Chicago in the name of the People against the Lewy Bros. Company, Cahn, Block & Co. and Straus & Schram, mercantile corporations organized under the laws of Illinois, to recover the personal property taxes assessed against said corporations, respectively, for the year 1909. In the Lewy Bros. Company suit the tax sought to be recovered consisted of three items, viz.: First, a tax upon tangible personal property, amounting to $298.01, based upon an assessment of tangible property by the board of assessors; second, a tax of $223.50 based upon an assessment of the capital stock of the corporation made by the State Board of Equalization; and third, another tax of

$521.52 based upon an assessment of the same capital stock of the corporation made by the board of assessors. The first item is conceded to be a valid tax and there is no dispute as to it. The municipal court rendered judgment in favor of the People for all three of the items, but it is agreed judgment should not have been rendered for both items of taxes based upon an assessment of the capital stock of the corporation, and that either the assessment of the capital stock by the State Board of Equalization or by the board of assessors was illegal. The suit against Cahn, Block & Co. was for taxes amounting to $509.58, which consisted of two items, viz.: First, a tax upon the corporation's tangible property of $286.08 based upon an assessment made by the local assessors; and second, a tax of $223.50 based upon an assessment of the corporation's capital stock made by the State Board of Equalization. Judgment was rendered for plaintiff below for both taxes. In the suit against Straus & Schram judgment was rendered against the corporation for $441.90 taxes, which consisted of two items, viz.: First, a tax of $196.40 based upon a tangible property assessment; and second, a tax of $225.50 based upon a capital stock assessment made by the State Board of Equalization. Each of said corporations sued out a separate writ of error to review said judgments, but except as to the double capital stock tax in the Lewy Bros. Company case the questions involved in all three of the cases are the same and the three cases will be disposed of in one opinion.

No question of the validity of the tax based upon the tangible property assessment is raised in either of these cases, and the right of the People to a judgment for the amount based on that assessment against each of said corporations is not disputed. In all three of the cases judgment for the tax based upon the capital stock assessment made by the State Board of Equalization is resisted on the ground that the State Board of Equalization did not deduct

from the assessed value of the capital stock and franchises of the corporations the assessed value of their tangible property as made by the local assessors, in accordance with clause 4 of section 3 of the Revenue act. Any discussion of this question is unnecessary in view of the recent decision in *People* v. *National Box Co.* 248 Ill. 141. In that case it was held that as the capital stock of a corporation is property, and taxable, it must be assessed for taxation, but as section 108 of chapter 120 of Hurd's Statutes of 1909 expressly prohibits the State Board of Equalization from assessing the capital stock of corporations of the character of the plaintiffs in error, the assessment of their capital stock should be made by the local assessor. It follows, therefore, that the court erred in rendering judgment against each of plaintiffs in error for the tax based upon the capital stock assessment made by the State Board of Equalization. The judgment against the Lewy Bros. Company should have been for the amount of the tangible property tax and the capital stock tax based upon the assessment of capital stock made by the board of assessors. The judgments against Cahn, Block & Co. and Straus & Schram should have been for the amount of the tax against them, respectively, based upon the tangible property assessment. No assessment of their capital stock was made by the board of assessors, and as the State Board of Equalization had no authority to assess their capital stock, the assessment made by that body is invalid.

The judgment in each case will therefore be reversed and the cases remanded to the municipal court, with directions to that court to render judgment in each case as directed in this opinion.

*Reversed and remanded, with directions.*