THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in
   Error, *vs.* THE FEDERAL SECURITY COMPANY, Plain-
   tiff in Error.

*Opinion filed October 26, 1912.*

1. TAXES—*State board cannot assess capital stock of mercan-
tile corporations.* Capital stock of manufacturing and mercantile
corporations is subject to taxation since clause 4 of section 1 of
the Revenue act of 1905 was held unconstitutional, but as the
State Board of Equalization is prohibited from assessing the capi-
tal stock of such corporations the assessment must be made by the
local assessor.

2. SAME—*when a corporation is a mercantile corporation.* A
corporation organized to buy and sell stocks and bonds of other
companies and to guarantee such stocks and bonds is a mercantile
corporation, within the meaning of the Revenue law.

3. WORDS AND PHRASES—*the word "mercantile" defined.* The
word "mercantile," in its ordinary acceptation, means "pertaining
to the business of merchants," and is concerned with trade or the
buying and selling of commodities.

4. SAME—*the word "commodities" includes stocks and bonds.*
With the possible exception of animals, the word "commodities"
includes all movable chattels which are objects of commerce, in-
cluding the stocks and bonds of corporations.

WRIT OF ERROR to the Municipal Court of Chicago;
the Hon. JAMES C. MARTIN, Judge, presiding.

CHARLES HUDSON, for plaintiff in error.

Per CURIAM: The municipal court of Chicago ren-
dered a judgment against the Federal Security Company
for $231 for a personal property tax levied by the State
Board of Equalization upon the capital stock of the de-
fendant company. The company has sued out a writ of
error from this court to obtain a review of the judgment
below.

The only point made against the validity of the tax is
that it was levied by the State Board of Equalization in-
stead of the local assessor.

255 – 36

The object for which plaintiff in error was incorporated, as stated in its charter, is: "To do a general brokerage and commission business; to act as agent for other persons, firms or corporations in the handling of stocks, bonds or securities; to act as fiscal agent for individuals, firms or corporations; to guarantee the contracts and obligations of individuals, firms, corporations or associations in any lawful business transaction." Josiah Cratty, the president of the Federal Security Company, testified that the company was originally organized as "The Shield Broom Company," and that the name was afterwards changed to Federal Security Company and the object changed so as to read as above stated; that the corporation was engaged in the business authorized by the amended charter,—that is, guaranteeing the stocks and bonds of other corporations and in the sale of securities.

We have not been much aided in determining the question presented by the parties. Plaintiff in error has filed a brief and argument of nine pages, while defendant in error has filed none at all. Section 108 of the Revenue law, as amended in 1905, provides that the State Board of Equalization shall assess the capital stock of each company or association, respectively, now or hereafter incorporated under the laws of this State, and which are required to be assessed by the State Board of Equalization, in the manner provided by the Revenue act. The State board is, however, prohibited from assessing the capital stock of companies and associations organized for "purely manufacturing and mercantile purposes, or for either of such purposes, or for the mining and sale of coal, or for printing, or for the publishing of newspapers, or for the improving and breeding of stock." Manifestly, the reason for excepting the corporations above enumerated from the corporations which the State Board of Equalization was authorized to assess was, that in and by clause 4 of section 1 there was an attempt to exempt the capital stock of the enumerated

corporations from taxation altogether; but clause 4, in so far as it attempted to exempt the capital stock of the corporations named from taxation, has been held unconstitutional by this court. (*Consolidated Coal Co.* v. *Miller,* 236 Ill. 149; *People* v. *National Box Co.* 248 id. 141.) Since the capital stock of the excepted corporations is liable to taxation and the State Board of Equalization is prohibited from making the assessment, it necessarily follows that their capital stock must be assessed by the local assessor or not at all. *People* v. *Lewy Bros. Co.* 250 Ill. 613.

Plaintiff in error contends that it is a corporation organized for "mercantile purposes," and we are inclined to agree with that contention. The word "mercantile," in its ordinary acceptation, means "pertaining to the business of merchants," and is concerned with trade or the buying and selling of commodities. "Commodities" includes all movable chattels which are the objects of commerce, unless, perhaps, animals may be excepted. (*Portland Bank* v. *Apthorp,* 12 Mass. 252.) "Commodities" has been held to include corporate franchises granted by a foreign government, which are properly listed for taxation under a constitution authorizing the taxation of commodities. (*Gleason* v. *McKay,* 134 Mass. 419.) "Mercantile purposes" relate to and include dealers in the commodities of the country, and since, as we have seen, "commodities" is broad enough to include stocks and bonds, a corporation engaged in buying and selling stocks and bonds is engaged in a mercantile pursuit or business.

The State Board of Equalization had no power to assess the capital stock of plaintiff in error. It should have been assessed by the local assessing authorities.

The judgment of the municipal court is reversed.

*Judgment reversed.*