# STEPHENS *v.* DISTRICT OF COLUMBIA.

POLICE REGULATIONS; LOITERING ON STREETS; LICENSED
HACKMEN.

Slow driving by a licensed hackman along a public street and his
frequent appearance with his vehicle on the same street, do
not constitute a violation of a police regulation which provides
that "vehicles for hire, seeking employment, shall not stop or
loiter upon any street except at the regular public stands," in
the absence of testimony to show that such slow movement
obstructed or tended to obstruct the highway.

No. 933. Submitted November 22, 1899. Decided March 13, 1900.

IN ERROR to the Police Court of the District of Columbia.
*Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. D. W. Baker* and *Mr. John C. Gittings* for the plaintiff
in error.

*Mr. Andrew B. Duvall*, Attorney for the District of Colum-
bia, and *Mr. Clarence A. Brandenburg*, Assistant Attorney,
for the defendant in error.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a judgment of the police court of
the District, whereby the defendant, William H. Stephens,
here the plaintiff in error, and driver of a licensed vehicle
for the conveyance of passengers for hire, upon an infor-
mation filed against him for stopping and loitering in the
street, in violation of the police regulations of the District,
was adjudged guilty, and was sentenced to pay a fine of
five dollars, or in default of payment to be committed to
the workhouse for fifteen days. Upon the arraignment of
the defendant in the police court motion was made on his
behalf to quash the information on the ground of the

alleged unconstitutionality and nullity of the police regulation or ordinance under which the proceeding was instituted; but the motion was overruled, and the parties went to trial.

At the trial the testimony adduced, and upon which the parties seem to have rested, was that of the police officer who made the arrest; and this is stated in the record in the following words: "That, on the 14th day of September, A. D. 1899, he saw the defendant going out F street, northwest; ten or fifteen minutes afterwards he noticed the defendant on F street between Fourteenth and Fifteenth streets, northwest, going east; the defendant went east as far as Twelfth or Thirteenth street, northwest; then he turned, came back on F street, northwest, near Fourteenth street, turned again and went a short distance east, and afterwards turned and went driving west, when he was hailed by witness; that he always kept on the proper side of the street; did not speak to or hail anyone; drove his horse in an ordinary walk; did not stop anywhere until hailed by witness; that he did not solicit any business, and there the District rested."

Upon this testimony the counsel for the defendant moved for a judgment of acquittal, on the ground that the charge in the information was not sustained; but the motion was denied, and the defendant noted an exception. No testimony was offered by the defendant, and he was found guilty, as already stated. From the judgment of conviction he has appealed to this court.

The police regulation or municipal ordinance which the defendant is charged with having violated is in these words: "Vehicles for hire, seeking employment, shall not stop or loiter upon any street, except at the regular public stands," etc., etc.

It is contended on behalf of the plaintiff in error that the ordinance is null and void, on the ground that the Commissioners were not authorized by any act of Congress

to make such a regulation; and also on the ground that it is unconstitutional, inasmuch as it denies to some persons the right to use the streets of the District in the same manner as all others are entitled to use them. But this question of alleged nullity of the ordinance we deem it wholly unnecessary to consider, since we are of opinion that the testimony fails to show any violation of it by the defendant, and therefore that the motion for a judgment of acquittal should have been allowed. It is expressly shown that the defendant did not *stop* on the street, and the information being for *stopping and loitering*, if he was not guilty of stopping, he could not have been guilty of stopping and loitering. But assuming that the information could be read as being in the alternative, and that, upon a charge of stopping and loitering, he could be held for loitering alone, the mere fact that the defendant drove his vehicle slowly along the streets, and turned and returned upon the same street, does not necessarily constitute loitering in the sense of the law.

To *loiter*, according to the lexicographers, means *to be slow in moving, to delay,* to linger, *to be dilatory, to spend time idly, to saunter, to lag behind.* The first of these meanings will apply in the present case, but to be slow in moving is not a misdemeanor, and can not well be made such unless it operates as an obstruction to the general public. Stopping may be regarded as of itself an obstruction, and so may stopping and loitering at intervals. But mere slowness of motion can not reasonably be prohibited, except under circumstances which show it to be an impediment to the free use of the public thoroughfares by others. Mere proof, therefore, of slow movement, with frequent appearance on the same street or thoroughfare, is not sufficient to show a violation of municipal ordinance, when there is no evidence to show obstruction thereby to the general public; for the loitering contemplated by the ordinance is such as is obstructive to the general public, and it is the convenience

of the general public which is sought to be guarded by the regulation.

Undoubtedly, the greatest possible latitude should be accorded to the municipal authorities in their efforts to conserve the safety of the public in the matter of the regulation of the movement of vehicles on the streets of a great city; and there should be the utmost liberality in the construction of their ordinances to effect that result. If it is proper for them to regulate the speed of vehicles and to restrict the rate of speed, as it is universally conceded may be done, it is equally proper to prohibit stopping or obstructive slowness. It is proper even to exclude wholly certain vehicles or certain classes of vehicles from certain streets.

The complex development of an advanced material civilization is constantly presenting new and difficult problems for the protection of the public from the dangers incidental to its progressive enterprise; and there is no manifestation of the difficulty more serious than that of the use of the highways of a city for the purposes of transit.

Beyond question, the ordinance under which the prosecution in this case was instituted is of a character to subserve the public convenience and the public safety; and its illegality should be made very plainly to appear before the courts could be justified in holding it void. At the same time, a reasonable construction must be given to it that will conserve the liberty of the individual, while not impairing the efficacy of the ordinance as a proper regulation for the public safety. In the absence of special provision prohibiting such vehicles as that driven by the defendant from being upon any specified street, or from being driven at a walk along such street, we must hold that slow movement along such street is not loitering in the sense of the law, unless such slow movement obstructs or tends to obstruct the highway, and there is testimony tending to show such obstruction.

From what we have said it follows in our opinion that the police court should have allowed the defendant's motion for a judgment of acquittal under the evidence in the case, and that it was error to deny that motion.  The judgment appealed from, therefore, will be *reversed; and the cause will be remanded to the police court with directions to vacate that judgment, and for such further disposition of the case as may be proper according to law.  And it is so ordered.*