## ROSE v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia. Submitted December 6, 1921. Decided January 3, 1922.)

No. 3690.

Vagrancy ⬡⟶1—Woman having $1,000 in the bank is not a "vagrant."

Under the statute (35 Stat. 711) defining vagrants as persons leading an idle or immoral life, who have no property to support them, and who are able of body to work and do not work, a woman cannot be convicted as a vagrant when she had on deposit to her credit in a bank $1,000, even though the money was the proceeds of prostitution.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Vagrancy; Vagrant.]

Writ of Error to the Police Court of the District of Columbia.

Hilda Rose was convicted of being a vagrant, and she brings error. Reversed and remanded.

James A. O'Shea and John I. Sacks, both of Washington, D. C., for plaintiff in error.

F. H. Stephens and T. G. Walsh, both of Washington, D. C., for defendant in error.

SMYTH, Chief Justice. On complaint of the corporation counsel, Hilda Rose was tried, convicted, and sentenced by the police court as a vagrant. The case comes here on a writ of error.

Vagrants are defined in the statute (35 Stat. 711) as:

"Persons leading an idle, immoral, or profligate life who have no property to support them and who are able of body to work and do not work."

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There are 18 assignments of error, but we find it necessary to consider only those which challenge the judgment on the ground that it is not supported by sufficient evidence.

It will be noticed that a person guilty of vagrancy must lack property to support himself, he being able of body to work, and does not work. The evidence of the cashier of one of the national banks of the city of Washington established conclusively that at the time of the arrest plaintiff in error had to her credit in his bank $1,000; that the first deposit was made in November, 1920; and that from time to time thereafter deposits were made, so that on the 24th of March, the date on which the complaint against her was filed, her balance was as just indicated. The court ruled that the money in bank was the proceeds of prostitution and "was not property to support herself, as the language is used in the statute."

There was no direct evidence that she had derived this money from prostitution, and we do not think that the circumstances disclosed were sufficient to warrant the inference that she had so derived it. But, even if they were, the money was hers. The bank, through its cashier, admitted that she had the money to her credit on its books. This was enough to establish prima facie her right to it. Having the prima facie right, it was for the District to show that the property was not hers, if it desired to question her title. Only one case cited by counsel touches this point. Wallace v. State, 16 Ala. App. 85, 75 South. 633. The statute there construed placed the burden on the defendant of proving that he had property sufficient for his support. Our statute does not do so. But, even if it did, plaintiff in error has established that she has sufficient property, and nothing has been offered by the District to controvert it. No authority is presented to support the contention that money derived from prostitution, but which is owned and controlled by a defendant, and subject to her disposition, for such purposes as she may desire to serve, does not negative the charge that she is without property to support herself.

We think, therefore, that plaintiff in error was wrongfully convicted. She may have been guilty of some other offense, but not of vagrancy. The judgment is reversed, and the case remanded for further proceedings not inconsistent with this opinion, defendant in error to pay the costs.

Reversed and remanded.