## ROGERS v. DISTRICT OF COLUMBIA.
### No. 64.

Municipal Court of Appeals for the District of Columbia.

May 11, 1943.

Saul G. Lichtenberg, of Washington, D. C., for appellant.

Vernon E. West, Principal Asst. Corp. Counsel, of Washington, D. C. (Richmond B. Keech, Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Appeal from a conviction of a charge of vagrancy, Code 1940, § 22—3302. The applicable parts of the statute provide:

"That the following classes of persons shall be deemed vagrants in the District of Columbia: .
\* \* \* \* \*
"(3) Any person leading an immoral or profligate life who has no lawful employment and who has no lawful means of support realized from a lawful occupation or source."

Trial was without a jury. Summarized, the government's proof was that appellant was frequently seen in the night time as late as 2:00 a. m. in the company of known prostitutes and was also frequently seen over a period of several months entering certain small hotels with different men, registering, and going with them above the first floor; that on each occasion she remained for a short time and then left the hotel with the man and separated from him almost immediately. Immediately after being taken into custody she signed a written confession admitting that she had been engaged in prostitution and had no legitimate employment. At the trial she repudiated the confession, and insisted that she was neither a prostitute nor a vagrant and had for three months been employed in a dry cleaning establishment operated by one Paul M. Bonuso at a salary of $20 per week. The entire trial was reported stenographically and a complete transcript is before us. We have given it careful study in connection with the several errors which are assigned. These we consider and decide separately.

■ 1. Over objection the arresting officer was permitted to testify to the character of certain women with whom appellant had been seen. We think the testimony was proper, for the officer merely stated from his own personal knowledge the fact that those women were known prostitutes. Moreover, the same objection was made later in the trial and was withdrawn.

■ 2. Appellant contends that the confession was inadmissible and cites McNabb v. United States, 63 S.Ct. 608, 87 L.Ed. ——, decided March 1, 1943, and Anderson v. United States, 63 S.Ct. 599, 87 L.Ed. ——, decided March 1, 1943. Unlike the situation in either of those cases the defendant in this case voluntarily gave her statement immediately after her arrest. The defense claimed that the statement was intended for the Health Department only. Two officers testified however that she was told that her statement might go to the Congressional Investigating Committee, the Health Department, the Social Security Board, the Police Department or to the court. We rule that upon that conflicting evidence the trial judge was justified in admitting the confession.

■ 3. At the conclusion of the government's case defendant moved for a dismissal. This was clearly waived when defendant offered testimony in her own behalf. Smith v. United States, 61 App.D. C. 344, 62 F.2d 1061.

■ 4. To support her claim of legitimate employment defendant produced one Paul M. Bonuso. He testified that from the first part of August to the time of her arrest she had been working for him at a salary of $20 per week, from noon to 8:30 p. m. Appellant charges that it was error to have permitted the prosecution to ask this witness if it were not a fact "that you carry a number of girls on your rolls for the purpose of showing that they work for you when in fact they are nothing more than prostitutes?" Since the answer was in the negative it is doubtful whether any harm was done by the question. Aside from that, however, we rule that the question constituted proper cross-examination.

■ 5. Next we consider the error charged for failure to dismiss the case upon the whole evidence. We think the ruling was correct. We think the evidence of defendant's association with known prostitutes, her frequent visits to hotels with various men, the circumstances of her entering and leaving the hotels and her voluntary confession all substantially support the charge that she was a "person leading an immoral or profligate life who has no lawful employment and who has no lawful means of support realized from a lawful occupation or source." If as de-

fendant contended she had legitimate employment, proof of such fact was peculiarly available to her. Under the statute, Code 1940, § 22—3303, the burden was upon the defendant to show that she "has lawful employment or has lawful means of support realized from a lawful occupation or source." On the evidence before him the trial judge was justified in rejecting defendant's claim that she was legitimately employed. He was also justified in rejecting the testimony of her alleged employer in view of the record of convictions which the government proved against him; and also in view of the fact that none of his records or books were brought into court.

■ Under the statute the burden was upon the defendant to establish, and not upon the government to disprove, legitimacy of employment. This principle was established by the Supreme Court in Rossi v. United States, 289 U.S. 89, 53 S.Ct. 532, 533, 77 L.Ed. 1051. There the court said:

"The general principle, and we think the correct one, underlying the foregoing decisions, is that it is not incumbent on the prosecution to adduce positive evidence to support a negative averment the truth of which is fairly indicated by established circumstances and which, if untrue, could be readily disproved by the production of documents or other evidence probably within the defendant's possession or control."

■ 6. Appellant questions the constitutionality of that part of the statute which places upon the defendant the burden, above discussed, of proving lawful employment or lawful means of support realized from a lawful occupation or source. We think this question has been settled by the Supreme Court in Morrison v. California, 291 U.S. 82, 88, 54 S.Ct. 281, 284, 78 L.Ed. 664. In that case, although the Court held certain provisions of the California Alien Land Law unconstitutional, it said:

"The decisions are manifold that within limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on a defendant. The limits are in substance these, that the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of the op-

portunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression."

The court further said: "For a transfer of the burden, experience must teach that the evidence held to be inculpatory has at least a sinister significance."

And again the court said: "Other instances may have arisen or may develop in the future where the balance of convenience can be redressed without oppression to the defendant through the same procedural expedient."

The court referring to the earlier case of Morrison v. California, 288 U.S. 591, 53 S.Ct. 401, 77 L.Ed. 970, holding that where the state proved defendant occupied land and by reason of his race was ineligible for citizenship under naturalization laws, the burden could be placed on him to show citizenship by reason of his birth, said: "In the vast majority of cases, he could do this without trouble if his claim of citizenship was honest. The people, on the other hand, if forced to disprove his claim, would be relatively helpless."

We think the present statute comes within the "limits of reason and fairness" prescribed by the Supreme Court. If the prosecution proves that one leads an immoral or profligate life, it does not seem unreasonable to place the burden upon defendant to show lawful employment or lawful means of support realized from a lawful occupation or source. As pointed out by the Supreme Court, the defendant if he has lawful means of support or employment can prove it without trouble, whereas it would be almost impossible for the prosecution to prove that one was without lawful means of support. It would seem that the balance of convenience can be redressed in such cases without oppression to the defendant or subjecting him to hardship.

In Great Atlantic & Pacific Tea Co. v. Ervin, D.C., 23 F.Supp. 70, 82, in a per curiam decision of a three judge court, the following was said with reference to the Morrison case: "It is apparent from this decision of the Supreme Court that in determining the validity of a presumption created by a legislative body, two questions are to be considered: (1) Whether the fact presumed may be fairly inferred from the fact proven; (2) whether the presumption created will be of aid to the state

without subjecting the accused to unreasonable hardship or oppression."

We think there is no question of the constitutionality of our statute if it is construed so that no burden is cast upon a defendant to prove lawful means of support until the prosecution has first proved, or offered evidence tending to prove, the other elements of the offense.[1]

7. Defendant contends that the nature of the charge entitled her to a jury trial. The punishment provided in prosecutions of this kind is within the limitations prescribed by Code 1940, § 11—616, which provides: "In all cases where the accused would not by force of the Constitution of the United States be entitled to a trial by jury, the trial shall be by the court without a jury, unless in such of said last-named cases wherein the fine or penalty may be more than $300, or imprisonment as punishment for the offense may be more than ninety days, the accused shall demand a trial by jury, in which case the trial shall be by jury."

This statute was held constitutional in District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843. See also Bailey v. United States, 69 App.D.C. 25, 98 F.2d 306.

Other errors are assigned and as to them we have reviewed the testimony and find nothing of a prejudicial nature and no ruling or rulings which would invalidate the conviction.

Affirmed.

---

[1] See Snitzer v. State, 29 Ala.App. 597, 199 So. 745, for construction of a similar statute. That statute is referred to in

Rose v. Dist. of Col., 51 App.D.C. 222, 277 F. 621.