426

## MITCHELL v. UNITED STATES.
### Nos. 8533, 8547.

United States Court of Appeals for the
District of Columbia.
Argued Oct. 8, 1943.
Decided Oct. 25, 1943.
Writ of Certiorari Granted Jan. 17, 1944.
See 64 S.Ct. 485.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Bernard Margolius, Assistant United States Attorney, both of Washington, D. C., were on the brief for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

### PER CURIAM.

Appellant was tried and convicted on two indictments, each charging housebreaking and larceny. The trials were separate, but as the main ground of alleged error is the same, and as the evidence, except as to the house burglarized and the property stolen, is also the same, the appeals in both cases were consolidated for argument in this Court. The evidence against appellant consists of stolen property found in his house and of alleged verbal confessions of guilt. The seizure of the property, without search warrant, was said by the officers to have been made with appellant's consent and as a part of his confession made immediately after his arrest freely, voluntarily and without compulsion or inducement of any sort. Appellant denied he had given consent to have his house searched and denied that he had made any confession to the police. But the trial judge who heard the question—apart from the jury—admitted the evidence and it is this ruling which is attacked on this appeal. If this were all, the answer would be plain, but as it happens, there is another element in the case which, as we think, places a different aspect on the question. This grows out of the fact that after appellant was arrested and brought from his home to the Police Station and interrogated by the officers, the confession obtained and his consent to the search given, he was continued under arrest for more than a week by the police without being brought before a magistrate, commissioner or court, and this in the very teeth of the statute which commands arraignment "immediately, and without delay."[1] It was almost this identical situation which, the Supreme Court in McNabb v. United States said, makes a confession, voluntary or involuntary, inadmissible in evidence on the trial of the case.[2]

In the McNabb case five uneducated mountain men were arrested for the murder of a revenue officer. They were taken into custody and more or less continuously questioned for two days in the Federal Building in Chattanooga, Tennessee, by members of the Alcohol Tax Unit before they were committed. Toward the end of the period of their detention they made confessions which the trial court decided were voluntary. After their conviction, on appeal to the Supreme Court, that Court held the confessions inadmissible and reversed the judgments. The principle of the decision was that since the Congressional requirement that police officers take an accused person before a judicial officer for commitment with reasonable promptness was designed to avoid "all the evil impli-

---

[1] R.S.D.C. § 397; Act July 16, 1862, Ch. 181, Sec. 10, V. 12, p. 581; D.C.Code, 1940, Title 4, Sec. 140.

[2] 318 U.S. 332, 63 S.Ct. 608, 614, 87 L. Ed. ——.

cations of secret interrogation of persons accused of crime," and to check "resort to those reprehensible practices known as the 'third degree,'" the violation of the statute in "flagrant disregard· of the procedure which Congress has commanded," was sufficient to require the exclusion of all evidence so obtained from the accused. As to this the Supreme Court said: "* * * The record leaves no room for doubt that the questioning of petitioners took place while they were in the custody of the arresting officers and before any order of commitment was made. Plainly, a conviction resting on evidence secured through such a flagrant disregard of the procedure which Congress has commanded cannot be allowed to stand without making the courts themselves accomplices in wilful disobedience of the law." This unambiguous language leaves us no alternative but to apply the same rule with the same results to the facts in the present case. That this new rule, as Mr. Justice Reed calls it in his dissent, introduces a far-reaching innovation in the established rules of evidence in criminal cases will hardly be questioned, for heretofore the test of admissibility has been thought to be limited to the question—was the confession free and voluntary. Likewise, that its universal application in the Federal Courts will, in some cases—as it may in this—result in a miscarriage of justice is obvious. But doubtless this contingency was fully considered by the Supreme Court, and the conclusion deliberately reached that this—in the cases in which it occurs—will prove a lesser evil than the perpetuation by court approval of a violation by police of statutes designed to protect the personal rights of the individual and preserve his immunity from abuse and from imprisonment except upon a judgment of his peers and the law of the land. In this view it becomes our duty to reverse the judgments and remand the cases to the District Court for new trials in accordance with the views expressed herein.

No. 8533 reversed.

No. 8547 reversed.