## HAYES v. DISTRICT OF COLUMBIA.

### No. 114.

Municipal Court of Appeals for the District of Columbia.

Nov. 26, 1943.

---

T. Emmett McKenzie, of Washington, D. C. (Denny Hughes, of Washington, D. C., on the brief), for appellant.

Vernon E. West, Principal Asst. Corp. Counsel, of Washington, D. C. (Richmond B. Keech, Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a conviction on a charge of vagrancy and is similar in many respects to the case of Clark v. District of Columbia, D.C.Mun.App., 34 A.2d 711, decided by us this day. One feature of the case, however, differing from the Clark case, requires us to reverse.

Appellant was arrested on the evening of Friday, May 28, 1943, and shortly after the arrest made certain statements and admissions to the arresting officer. He was held at the police precinct until Tuesday, June 1, when he was taken to court, formally charged by information, tried and convicted. At the trial, the arresting officer testified to the statements and admissions made to him by appellant.

■ Appellant could have been taken to court for arraignment on Saturday, May 29. The Criminal Division of the Municipal Court was in session that day. Monday was a legal holiday but we need not inquire whether appellant could or should have been taken to court that day, since he could have been taken there on Saturday.

Section 4—140 of the Code, authorizing police officers to arrest without warrant under specified circumstances, requires that "such member of the police force shall immediately, and without delay, upon such arrest, convey in person such offender before the proper court, that he may be dealt with according to law." Clearly, the police in this case failed to follow the requirement of the statute.

In McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. ——, the Supreme Court held that a conviction resting on evidence secured from an accused through an unlawful detention cannot stand. Appellant was unlawfully detained when the police delayed taking him before the proper court; but at the time that the officer obtained the admissions from appellant there was no unlawful detention, because the admissions were made promptly following the arrest and at a time when he could not have been taken to court. We might have understood the McNabb case to hold inadmissible only statements made while the detention is unlawful but the United States Court of Appeals for this District, in Mitchell v. United States, —— U.S.App.D.C. ——, 138 F.2d 426, decided October 25, 1943, has ruled that a voluntary confession made immediately after arrest is rendered inadmissible by an unlawful detention following the making of the confession. We are bound by that interpretation of the McNabb doctrine and must hold that the delay in taking appellant to court rendered his statements inadmissible.

■ At the reargument of this case it was suggested by counsel for the District that the application of the McNabb and Mitchell cases is limited by their express language to federal courts, and that the Criminal Division of the Municipal Court, when hearing prosecutions by the District of Columbia under a statute strictly local to the District of Columbia, is not a federal court.[1] Assuming the correctness of the latter portion of the argument, we see no basis in reason for withholding application of the rule from Municipal Court cases. The statutes, referred to in the McNabb case, requiring an accused to be taken promptly before a committing officer, were enacted by Congress, the same legislative body that enacted our Code section. We must assume the Congressional intention in both instances was the same, especially since the Code section makes no distinction between the types of offense for which arrest is made.

Reversed.

---

[1] Cf. Tipp v. District of Columbia, 69 App.D.C. 400, 102 F.2d 264.