**WILLIAMS v. DISTRICT OF COLUMBIA.**

No. 774.

Municipal Court of Appeals for the District of Columbia.

May 3, 1949.

Evan T. Davis, of Washington, D. C. (Albert Francis Graham, of Washington, D.C., on the brief), for appellant.

Edward A. Beard, Asst. Corp. Counsel, of Washington, D. C. (Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellant was convicted of being a vagrant, under the classification set out in Code 1940, Supp. VI, § 22—3302(1), thus: "Any person known to be a pickpocket, thief, burglar, confidence operator, or felon, either by his own confession or by his having been convicted in the District of Columbia or elsewhere of any one of such offenses or of any felony, and having no lawful employment and having no lawful means of support realized from a lawful occupation or source, and not giving a good account of himself when found loitering around in any park, highway, public building, or other public place, store, shop, or reservation, or at any public gathering or assembly."

For the government a police officer testified that he had known defendant for eighteen months prior to his arrest on December 21, 1948. He disclosed the criminal record of defendant which included six convictions for such crimes as robbery, larceny, vagrancy and pickpocketing, which he said defendant after his arrest admitted to be accurate. The officer also testified that on an earlier occasion defendant had admitted to him that he was a pickpocket and that on other occasions, one in August 1948 and one on December 8, 1948, he had observed defendant on streetcar platforms "sounding" potential victims. On the first of these occasions he questioned defendant who "admitted that he had been unsuccessful and would leave the scene." Some ten days before his arrest he again observed defendant on a streetcar platform moving among the crowd. On December 21, 1948, the day of his arrest, the officer again observed defendant on a crowded streetcar platform with his hands protruding through slits in his overcoat pockets and projected toward a man on the platform. He seized defendant's hand before he could withdraw it into his overcoat pocket and arrested him. He testified that upon arrest defendant admitted that he had "sounded" the man in question and found that he had nothing in his pockets, and that defendant argued that since he had stolen nothing he should be released.

The witnesses for the defense included a cleaning plant operator who testified in

part that he employed defendant irregularly about three times a week for odd tasks; that he did not know specifically the type of work performed by defendant; that he had no records with him to show the days worked and amounts received by defendant; that he had not seen defendant during the last two months, and did not know whether defendant was employed at his plant during that period. Defendant's wife testified that she received telephone calls to relay to her husband when he was wanted at the plant; that she took in washing and served meals over the week end, for which she received approximately $15 per week; that defendant was not well, having lost a government position because of illness.

The first contention of the appellant is that the statutory shifting of the burden of proof to defendant after a prima facie case had been made out by the government deprived him of his constitutional rights.[1] Some time ago we considered a similar attack on the same vagrancy statute. Rogers v. District of Columbia, D. C. Mun. App., 31 A.2d 649. We quoted the following language from Morrison v. People of State of California, 291 U.S. 82, 88, 54 S.Ct. 281, 285, 78 L.Ed. 664: "The decisions are manifold that within limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on a defendant. The limits are in substance these, that the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression."

We held that the present statute comes within the "limits of reason and fairness" prescribed by the Supreme Court. Appellant relies on Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 1246, 87 L.Ed. 1519, which is clearly not controlling here. In that case the Supreme Court held that it is not permissible to shift the burden by arbitrarily making one fact, which has no relevance to guilt of the offense, the occasion of casting on the defendant the obligation of exculpation. The Court went on to say, "The argument from convenience is admissible only where the inference is a permissible one, where the defendant has more convenient access to the proof, and where requiring him to go forward with proof will not subject him to unfairness or hardship."

Such of course is not the effect of the statute before us. This statute prescribes as elements of the offense of vagrancy (a) defendant's notoriety as a pickpocket, etc., either by his own confession or by earlier convictions, and (b) his not giving a good account of himself when found loitering and apprehended. When these elements have been established the statute says that defendant shall have the burden of showing "that he has lawful employment or has lawful means of support realized from a lawful occupation or source." Code 1940, Supp. VI, § 22—3303. Under the rule stated by us in the Rogers case[2] this statute is clearly constitutional.

Appellant says he was entitled to an acquittal because he offered evidence to show "lawful employment." This evidence, however, taken together with the government's testimony presented a question of fact and we cannot say the trial judge decided it incorrectly.

Appellant also says he was not "loitering" at the time of his arrest, but he does not elaborate on this statement. Presumably the point is that one standing on a loading platform waiting for a streetcar is not engaged in loitering. With this we agree, but we think that one standing on a platform for the primary purpose of pick-

---

[1] Code 1940, Supp. VI, § 22—3303, prescribes that in this type of charge " * * * the burden of proof shall be upon the defendant to show that he has lawful employment or has lawful means of support realized from a lawful occupation or source."

[2] See also our rulings in Davenport v. District of Columbia, D.C.Mun.App., 61 A.2d 486; Burns v. District of Columbia, D.C.Mun.App., 34 A.2d 714; Clark v. District of Columbia, D.C.Mun.App., 34 A.2d 711.

ing a pocket is loitering within the meaning of the statute. "To loiter, according to the lexicographers, means to be slow in moving to delay, to linger, to be dilatory, to spend time idly, to saunter, to lag behind." Stephens v. District of Columbia, 16 App.D.C. 279, 281. There is a time element in loitering; but the particular amount of time required depends on circumstances. According to the record the arresting officer "observed the defendant on a crowded loading platform * * * standing behind an unknown person." The record does not show for how long a time appellant was so observed, and if appellant contends that the time element was so brief as to negative the element of loitering, it was incumbent on him to have the record affirmatively show this. The statement of evidence comes here in abbreviated narrative form and was prepared in view of appellant's assignment of errors which are most general in nature. We believe that under the circumstances here present there was sufficient evidence of the element of loitering to support the trial court's finding of guilt.

Affirmed.