**Paul MITCHELL, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 1616.**

Municipal Court of Appeals for the
District of Columbia.

Submitted March 28, 1955.

Decided April 27, 1955.

William A. Tinney, Jr., Washington, D. C., for appellant.

Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Harry L. Walker and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Paul Mitchell was convicted of being a vagrant. His sole contention on appeal is that the evidence introduced by the Government, considered in the light of Beail v. District of Columbia,[1] was insufficient to warrant a finding of guilt.

Code section 22–3302 declares that certain classes of persons shall be deemed vagrants. Among those classes are: "(8) Any person who wanders about the streets at late or unusual hours of the night without any visible or lawful business and not giving a good account of himself."

Various police officers testified that the defendant was seen on numerous occasions, some as late as 4:30 a. m., during the period covered by the information, from July 3 through November 6, 1954, loitering in the area of the 600 block of O Street, N. W. There was testimony that, on occasions, when the officers would attempt to question him he would run away. He was therefore known to the officers as "Race Horse" because of their inability to overtake and question him.

One officer testified that on July 3, about 1:30 a. m., defendant was observed at 7th and O Streets in company with three soldiers. When questioned, defendant stated he was "going to get some girls, that he had some girls working for him, and that he didn't have a regular job."

Another officer testified that he saw defendant on the same day at 4:30 a. m. in the 600 block of Freedman's Court with another man and two women "* * * leading them into a house." When the man was questioned as to why he was in that vicinity at that hour, he stated in the presence of defendant that defendant was getting him a girl. When defendant was questioned by the officer as to his presence on the street at that hour of the morning, he did not answer.

On August 7 defendant was observed talking to two men in an automobile in the

1. 91 U.S.App.D.C. 110, 201 F.2d 176.

600 block of O Street and, when questioned, stated that he was getting them a girl for a price. An officer testified that he saw the defendant a 1 a. m. on November 4 in the 600 block of Freedman's Court in company with an intoxicated man and, when questioned, stated that "he was doing the same old thing." When pressed by the officer for a more definite answer, defendant stated, "bootlegging—a little." According to the record, defendant later admitted to the officer that he was taking this man into a house to see a girl.

At approximately 4 a. m. on November 5, defendant was observed in Freedman's Court in the company of another man. Upon being questioned as to their presence in that vicinity at that hour in the morning, the man stated in defendant's presence that defendant had brought him into the Court to " * * * get a girl," and that " * * * the price was going to be $5 and there was $1 for the room." Defendant, when questioned, stated to the officer that he was "bringing a trick * * *."

He was observed again on November 6, about 4 a. m., in front of 640 O Street, and as automobiles would pass he "would jump out and say something to the people in the cars." Two officers secreted themselves in the back of a privately owned automobile and heard the defendant call out to passing vehicles, "Whiskey?" and "Women?" They also observed him talking to an occupant of an automobile. When asked why he was on the street at that hour, he stated that he was "out here hustling * * * selling a little whiskey, and got a couple of girls," at which time he was taken into custody.

At the conclusion of the Government's case, defendant moved for a judgment of acquittal which was denied. No evidence was offered by or in behalf of the defendant. The principal and, in fact, the only error alleged is that the trial court should have granted the motion. The basis of this assignment of error is that the character of the questions presented to the defendant upon interrogation by the police officers was not such as to meet the requirements as set forth in the case of Beail v. District of Columbia, supra, and the Government has thus failed to prove beyond a reasonable doubt that on the date of his arrest he was, in fact, a vagrant.

 In considering this motion we must construe the Government's evidence in the light most favorable to it and accept the same as true, together with all reasonable inferences which the court may have drawn therefrom. With this rule in mind, we are firmly convinced that the evidence supported the conviction.

There was testimony, which was not contradicted, that on numerous occasions defendant was observed in the same neighborhood at various hours ranging from 1 a. m. to 4:30 a. m., accompanied by soldiers, women, and an intoxicated person; shouting to passing automobiles; fleeing when the police attempted to question him; and, when questioned, giving in some instances direct answers to the effect that he was selling whiskey and arranging for soldiers and others to obtain women. Therefore this case is clearly distinguishable from the Beail case.

In that case the accused testified in her own behalf and contradicted some of the testimony offered by the Government. When called upon to explain her presence on the street on the date of her arrest, she replied that she was going home, and, in fact, was practically in front of her home when taken into custody. When interrogated by police officers on various dates prior to her arrest, both the questions and answers were of a facetious nature, and she was not called upon by the officers to give direct and responsive replies. The defendant in the present case was not in front of his home nor was he going home, and he further told the officers in no uncertain terms what he was doing, i. e., "bootlegging —a little," "out here hustling—selling a little whiskey," "got a couple of girls," etc. On another occasion he failed to answer their questions. Can it be contended that at the time of defendant's arrest he had

given legitimate reasons for being where he was, or can it be contended that he had given "a good account of himself?" We think not. The record reflects sufficient evidence to support the finding of guilt.

Affirmed.