**Clarence B. BARNARD, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 1847.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 5, 1956.

Decided Oct. 5, 1956.

Rehearing Denied Oct. 26, 1956.

Albert J. Ahern, Jr., Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Milton D. Korman and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

Defendant appeals from a vagrancy conviction under D.C.Code 1951, Supplement IV, § 22–3302(1), which defines a vagrant as

"Any person known to be a pickpocket, thief, burglar, confidence operator, or felon, either by his own confession or by his having been con-

1.  Decker v. Dreisen-Freedman, Inc., D.C.Mun.App., 124 A.2d 311.

victed in the District of Columbia or elsewhere of any one of such offenses or of any felony, and having no lawful employment and having no lawful means of support realized from a lawful occupation or source, and not giving a good account of himself when found loitering around in any park, highway, public building, or other public place, store, shop, or reservation, or at any public gathering or assembly."

At trial the following evidence was introduced by the government: Late in January 1956, defendant was seen standing in an office doorway on the second floor of the National Science Foundation building. When questioned as to his purpose for being there, he said he was looking for a job. He was told to go to the personnel office on the first floor; instead, he went to the lavatory and when he came out he was again told of the personnel office's location. On or about February 20, 1956, he was again observed on the second floor of the building and when he asked where the personnel office was, he was taken there by an employee.

One month later defendant was seen walking away from a temporarily unoccupied office on the second floor of the building. When its occupant returned, she found some papers on the floor near her desk. These proved to be letters of reference bearing defendant's name. She also discovered that a drawer of her desk was open and that her wallet, containing seven dollars, was missing from her purse.[1] Later the same day defendant was seen standing in front of the building. An employee went out and asked him what he had been doing in the building. He said he was looking for a job and was told by the employee that if he would return to the building " * * * maybe we can get you one." A short time later the police arrived and arrested defendant.

A detective of the General Services Administration Police testified that he interrogated defendant on the afternoon of his arrest. The pertinent parts of his testimony are as follows:

"The Witness: Well, I asked the defendant if he had ever been convicted of a felony in the District, and he was a little hazy about the matter at that time. And so I went through the forms that I had there and I said to him, 'Mr. Barnard, according to the record I have in my hand, you were convicted of grand larceny and sentenced from eight months to two years for grand larceny on five-two-four-one; is that correct?'

"And he sort of swung his eyes around and he said, 'If that is in the record.'"

\* \* \* \* \* \*

"Q. Did he make any denials of the fact that he was a known thief? A. He said, 'Well, it is in the record,' and he said, 'I am not going to answer any more questions.'"

When questioned by the Metropolitan Police that evening defendant stated that he had gone to the National Science Foundation building to look for work; that he had entered an unoccupied room on the second floor and "must have dropped" the letters of reference found there; that he then left the building without talking to anyone about a job. When asked where he was employed, he admitted that he was unemployed.

The letters of reference mentioned above constituted the only evidence introduced in behalf of defendant and these were received in evidence during the cross-examination of one of the government's witnesses. Upon completion of the government's case defendant moved for a judgment of acquittal and during argument on the motion the trial court, over objection,

[1]. The statement of proceedings and evidence recites that defendant was charged with petit larceny of this money, but was acquitted.

allowed the government to reopen its case and recall a witness who had previously testified.

Defendant claims that the trial court erred, first, in not granting the motion for judgment of acquittal, and, second, in allowing the government to reopen its case during argument on the motion. In support of the first allegation of error defendant argues that the government failed to prove the three essential elements necessary to support a conviction under the statute.

▮ Under the established and familiar tests we are required to consider the government's evidence in the light most favorable to it and accept it as true, together with all reasonable inferences which may be drawn therefrom.[2] As to the first element, it may be said that defendant's answers quoted above were not clear and positive; on the other hand, they were far from equivocal, especially when considered in the context of the questioning. We cannot conceive of any meaning for defendant's answers except that if the record the officer had before him was defendant's, then it was he who had been convicted of the crime. We think also that it was entirely reasonable for the trial court to infer that defendant knew the record the officer had was his. Under these circumstances, defendant's statements sufficiently acknowledged the fact which the government sought to prove.

▮ With regard to the second element of the offense defendant argues that there was no evidence introduced to show that he was not lawfully employed or that he had no lawful means of support. The short answer to this argument is that the statute places the burden of proof upon defendant to show that he had lawful employment or lawful means of support,[3] and we have so held on numerous occasions.[4]

As to the third element of the offense, defendant argues that he was not loitering around the building but was invited in and that he gave a good account of his presence there, this being supported by the letters of reference which were introduced in evidence. Defendant has attempted to focus this element on the period of time after he was invited into the building, but it was his presence in the building immediately prior thereto which was the basis of the charge against him. Defendant claims that his purpose for being on the second floor on that day was to seek employment. However, the evidence shows that he knew the personnel office was on the first floor. He had already been informed of this fact on two prior occasions. Further, he left the building that day without seeing anyone about a job. We think these facts negate defendant's claim that his reason for being in the building was to seek employment, or at least the trial judge had a right to so conclude.

In support of the second allegation of error defendant states that the action of the trial court was an abuse of discretion. We find no such abuse. We are satisfied the evidence justified the finding of guilt.

Affirmed.

2. Mitchell v. District of Columbia, D.C. Mun.App., 113 A.2d 566.

3. Code 1951, § 22–3303.

4. Williams v. District of Columbia, D.C. Mun.App., 65 A.2d 924; Burns v. District of Columbia, D.C.Mun.App., 34 A.2d 714; Clark v. District of Columbia, D.C. Mun.App., 34 A.2d 711; Rogers v. District of Columbia, D.C.Mun.App., 31 A. 2d 649.