Francis F. WALKER, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 3338.

District of Columbia Court of Appeals.

Argued Nov. 12, 1963.

Decided Dec. 20, 1963.

Samuel J. Ochipinti, Washington, D. C., for appellant.

David P. Sutton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a conviction for vagrancy under Code Section 22–3302(1).[1] Appellant contends the evidence was insufficient to sustain his conviction and that he had a lawful means of support realized from a lawful occupation or source.

The facts are as follows. About midnight on May 10, 1963, a police officer observed appellant sitting on a bench in Lafayette Park. At appellant's request the officer sat next to him. After conversing for several moments, appellant asked the officer if he would like to earn some money "rolling queers." Appellant explained that he always worked with a friend and that he made his money in this manner. At this point the officer left to follow another individual in the park. Shortly thereafter a second officer, who had observed appellant and the first officer talking, walked to the bench and sat down at appellant's invita-

---

1. Code 1961, 22–3302 provides: "The following classes of persons shall be deemed vagrants in the District of Columbia:

"(1) Any person known to be a pickpocket, thief, burglar, confidence operator, or felon, either by his own confession or by his having been convicted in the District of Columbia or elsewhere of any one of such offenses or of any felony, and having no lawful employment and having no lawful means of support realized from a lawful occupation or source, and not giving a good account of himself when found loitering around in any park, highway, public building, or other public place, store, shop, or reservation, or at any public gathering or assembly."

tion. This officer testified that he was aware appellant was a known felon. Appellant asked if the officer would help him "roll a queer," and when the officer inquired whether he had ever done this before, appellant replied, "I've got a record as long as your arm." Appellant told the officer he made his money "rolling queers" and that he had been convicted of housebreaking and larceny in 1960. The officer then arrested appellant upon a charge of vagrancy.

In his own defense appellant testified that he was waiting in the park for his brother who worked at a nearby restaurant; that the officers initiated the conversations; that he told neither one he obtained money "rolling queers"; that he had been released from Lorton Reformatory on March 22, 1963; and that he had been living with his mother and brother. He further testified that he had been unsuccessful in obtaining a drafting job; that he had earned $200 washing cars; and that he was the recipient of a $750 grant from the United States Government. He admitted these funds were depleted at the time of his arrest but stated he received support from his mother. This testimony was corroborated by appellant's mother. She testified she was employed by the government at an annual salary of $5,545 and that she provided appellant with money while he was seeking employment.

Appellant contends that since he was not observed loitering in any park or public place prior to the occasion in question, the evidence was insufficient to sustain his conviction. We disagree. We have previously stated:

> " * * * 'To loiter, according to the lexicographers, means to be slow in moving, to delay, to linger, to be dilatory, to spend time idly, to saunter, to lag behind.' Stephens v. District of Columbia, 16 App.D.C. 279, 281. There is a time element in loitering; but the particular amount of time required depends on circumstances. * * *"[2]

Section 22–3302(1) contains no requirement of prior observations and we find no reason to read such a requirement into the statute. Here the testimony of the officers showed that appellant was idling in the park at a late hour, was a known felon, and wanted to "roll queers." Such evidence was sufficient to establish the elements of the government's case.[3] The burden then shifted to appellant to establish that he had a lawful employment or a lawful means of support realized from a lawful occupation or source.[4] Considered in the light of the entire record, the issue of lawful income presented a fact question, and we cannot say the trial court was bound to accept the testimony in appellant's behalf.[5]

Affirmed.

2. Williams v. District of Columbia, D.C. Mun.App., 65 A.2d 924, 926 (1949). See also, Burns v. District of Columbia, D.C. Mun.App., 34 A.2d 714, 716 (1943).

3. Compare Burns v. District of Columbia, supra note 2; Clark v. District of Columbia, D.C.Mun.App., 34 A.2d 711 (1943).

4. Code 1961, 22–3303 provides: "In all prosecutions under paragraphs 1 or 3 of section 22–3302 the burden of proof shall be upon the defendant to show that he has lawful employment or has lawful means of support realized from a lawful occupation or source." This section was held constitutional in Rogers v. District of Columbia, D.C.Mun.App., 31 A.2d 649 (1943).

5. Coley v. District of Columbia, D.C.Mun. App., 177 A.2d 889, 891 (1962); Williams v. District of Columbia, supra note 2.