# HOTCHKISS v. DISTRICT OF COLUMBIA.

CRIMINAL LAW; EIGHT-HOUR LAW; MANUFACTURING AND MERCANTILE
ESTABLISHMENTS; PLEADING.

1. A dressmaker conducts a "manufacturing," although not a "mercantile," establishment, within the meaning of the act of Congress of February 24, 1914 (38 Stat. at L. 291, chap. 28), known as the eight-hour law, and which prohibits the employment of any female in any "manufacturing" or "mercantile" establishment for more than eight hours in any one day, when she conducts her business in the second floor of her residence, where she has five sewing machines used in making dresses; employs for the work from five to ten girls; keeps on hand bolts of dress goods and other material from which dresses are made; makes dresses for customers who in some instances

Note.—The constitutionality, applicability, and effect of hours of service laws are discussed in note in L.R.A.1915D, 477.

furnish their own material complete while in other instances they provide only part of the material; buys dress goods from traveling salesmen; makes stock dresses for sale outside of the District by her sister, who returns those unsold to be made over; and has a sign outside of her establishment containing her name and the words "Gowns. Importer."

2. Manufacture may be defined to consist not alone of converting raw material into the manufactured article, but of converting a manufactured article into a different product.

3. A mercantile establishment is a place where the buying and selling of articles of merchandise is conducted, and the conducting of such an establishment implies operations conducted with the view of realizing the profits which come from skilful purchase, barter, speculation, and sale.

4. An information for a violation of the act of Congress of February 24, 1914 (38 Stat. at L. 291, chap. 28) known as the eight-hour law, which prohibits the employment of any female in any manufacturing or mercantile establishment for more than eight hours in any one day, is not defective because it charges the accused in a single count with operating both a manufacturing and mercantile establishment, as only one offense is charged; namely, that of requiring female employees to work more than eight hours a day.

No. 2840.   Submitted October 5, 1915.   Decided November 1, 1915.

In error to the Police Court of the District of Columbia.

· *Judgment affirmed.*

The Court in the opinion stated the facts as follows:

This case is here on writ of error to the police court of the District of Columbia. Plaintiff in error, Susan H. Hotchkiss, was convicted of violating the following provisions of what is known as the eight-hour law of the District of Columbia: "That no female shall be employed in any manufacturing, mechanical or mercantile establishment, laundry, hotel, or restaurant, or telegraph or telephone establishment or office, or by any express or transportation company in the District of Columbia more than eight hours in any one day or more than six days or more than forty-eight hours in any one week. * * * That every employer shall post and keep posted in a conspicuous place in

every room in any establishment or occupation named in section one of this act in which any females are employed a printed notice stating the number of hours such females are required or permitted to work on each day of the week, the hours of beginning and stopping such work, and the hours of beginning and ending the recess allowed for meals.   *   *   *   That every employer shall keep a time book or record for every female employed in any establishment or occupation named in section one of this act, stating the wages paid, the number of hours worked by her on each day of the week, the hours of beginning and stopping such work, and the hours of beginning and ending the recess allowed for meals.   Such time book or record shall be open at all reasonable hours to the inspection of the officials authorized to enforce this act."   [38 Stat. at L. 291, chap. 28.] Penalties are prescribed for the violation of these provisions of the act.

Plaintiff in error was tried on an information charging her, in the first count, with employing females more than eight hours a day in a manufacturing or mercantile establishment; in the third count, with failing and neglecting to post the notices required, and, in the fourth count, with failing to keep a time book and record of wages, as required.   She was found guilty on each of these counts.

Testimony was adduced at the trial, upon which the jury may well have based its verdict, to the effect that plaintiff in error conducted her business on the second floor of her residence, where she had five sewing machines, which were used in the making of dresses; that she had employed for this work from five to ten girls; that she kept on hand bolts of dress goods, bolts of lace, linings and silks, trimmings, hooks and eyes, beads, china silk, and other dress goods, all of which were used in making or trimming gowns for customers; that, in some instances, the customers furnished their own materials complete; while in others the customer furnished part and the defendant part; that salesmen from New York and from local stores called on plaintiff in error for the purpose of selling dress goods; that there were made in this establishment what

is known as stock dresses or dresses which were shipped to a perfection shop in North Carolina, where a sister of plaintiff in error sold them, and, in case they were not sold, they were returned and made over; that on the outside of the establishment was a sign, "Miss Hotchkiss, Gowns. Importer." No evidence was offered on behalf of plaintiff in error, and the testimony conclusively shows that the girls working in this establishment worked for a longer period daily than that permitted by the act.

*Mr. Tracy L. Jeffords* and *Mr. Lemuel Fugitt,* for the plaintiff in error:

1. Each count in the information is double, and for that reason the information is bad. 1 Bishop, Crim. Proc. sec. 432.

2. Plaintiff in error's home and dressmaking business do not constitute a mercantile and manufacturing establishment. A mercantile establishment is an establishment of a merchant, and a merchant is one who carries on trade, who is doing business in a commercial sense. *Tom Hong* v. *United States,* 193 U. S. 517; 15 Am. & Eng. Enc. Law, 305; *Graham* v. *Hendricks,* 22 La. Ann. 524. We are legally bound to define the words of this law according to their ordinary business use, the common sense of the words, the known commercial and ordinary sense, their ordinary every-day commercial and business use and meaning, and as commercially understood, before the law was made. *Lawrence* v. *Allen,* 7 How. 785, 794; *Schreifer* v. *Wood,* 5 Blatchf. 216; *United States* v. *112 Cans of Sugar,* 8 Pet. 277; *Elliott v. Swartwout,* 10 Pet. 137, 151; *United States* v. *Breed,* 1 Sumn. 164; *Re 200 Chests of Tea,* 9 Wheat. 430, 438; *Curtis* v. *Martin,* 3 How. 106.

This house of plaintiff in error was not a manufacturing establishment. Anderson's Law Dict. p. 654; *Franklin F. Ins. Co.* v. *Brock,* 57 Pa. 74; 14 Am. & Eng. Enc. Law, 256; 26 Cyc. 521. A dressmaker is not a manufacturer. *State* v. *Johnson,* 20 Mont. 367; *New Orleans* v. *Mannessier,* 32 La. Ann. 1076; *State* v. *Eckendorf,* 46 La. Ann. 131.

3. This eight-hour law is not constitutional, because discriminatory. *Curry* v. *District of Columbia,* 14 App. D. C. 423; *Lappin* v. *District of Columbia,* 22 App. D. C. 68; *McGuire* v. *District of Columbia,* 24 App. D. C. 22; *Yick Wo* v. *Hopkins,* 108 U. S. 356; *Barbier* v. *Connolly,* 113 U. S. 27.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Roger J. Whiteford,* Assistant, for the defendant in error:

1. The house of the plaintiff is a manufacturing establishment. *Richey* v. *People,* 155 Ill. 98; *Allen's Estate,* 2 Pa. Dist. R. 87; 26 Cyc. 519; *People* v. *Morgan,* 48 N. Y. 395; *Morris* v. *Com.* 27 Pa. 494; *Tidewater Oil Co.* v. *United States,* 171 U. S. 216; *Radebaugh* v. *Plain City,* 11 Ohio Dec. Reprint, 612; *Richey* v. *People,* 40 N. E. 454; *United States* v. *Meyer,* 137 Fed. 344; *State* v. *Johnson,* 20 Mont. 367; *Landgraf* v. *Kuh,* 188 Ill. 484; *Murphy* v. *Aaronson,* 96 U. S. 134; *Re Troy Steam Mfg. Co.* 132 Fed. 266; *Josselyn* v. *Parson,* L. R. 7 Exch. 129; *Dolese & S. Co.* v. *O'Connell,* 257 Ill. 43; *Re First Nat. Bank,* 152 Fed. 64; *Re Capital Pub. Co.* 3 MacArth. 405.

2. The statute uses the expression "mercantile or manufacturing establishment," thereby making the conduct of either institution an offense. The information charged both, and the prosecution to the satisfaction of the jury proved both. It would have been sufficient, however, for the prosecution to have proved either of these charges, and it is submitted that the defendant could have suffered no harm from the conjunctive wording of the information. *Knoel* v. *United States,* 26 App. D. C. 450; *Benson* v. *United States,* 27 App. D. C. 331.

3. The eight-hour law is constitutional. *Miller* v. *Wilson,* 162 Cal. 687, thereafter appealed to the Supreme Court of the United States and decided February 23, 1915, in which an eight-hour law, almost identical even as to wording with that passed for the District of Columbia, was sustained in the face of the identical objection made by appellant here. The Supreme

Court of the United States also passed on this question in the case of *Muller* v. *Oregon,* 208 U. S. 410. Again in *Hanley* v. *Walker,* 232 U. S. 718.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The only error assigned worthy of consideration relates to the question whether or not the place thus conducted by plaintiff in error was a mercantile or manufacturing establishment. We think the evidence shows that she conducted a manufacturing establishment. It is not easy to define just what constitutes manufacture. It may, however, be defined to consist not alone of converting raw material into the manufactured article, but of converting a manufactured article into a different product. In *Tide Water Oil Co.* v. *United States,* 171 U. S. 210, 43 L. ed. 139, 18 Sup. Ct. Rep. 837, the word "manufacture" is defined as follows: "The primary meaning of the word 'manufacture' is something made by hand, as distinguished from a natural growth; but as machinery has largely supplanted this primitive method, the word is now ordinarily used to denote an article upon the material of which labor has been expended to make the finished product. Ordinarily the article so manufactured takes a different form, or at least subserves a different purpose from the original materials; and usually it is given a different name. Raw materials may be and often are subjected to successive processes of manufacture, each one of which is complete in itself, but several of which may be required to make the final product. Thus, logs are first manufactured into boards, planks, joists, scantlings, etc., and then by entirely different processes are fashioned into boxes, furniture, doors, window sashes, trimmings, and the thousand and one articles manufactured wholly or in part of wood. The steel spring of a watch is made ultimately from iron ore, but by a large number of processes or transformations, each successive step in which is a distinct process of manufacture, and for which the article so manufactured receives a different name."

In the present case, in order to constitute plaintiff in error a manufacturer of dresses, it is not necessary that she should weave the cloth that enters into the finished article. The material entering into the finished product may pass through many stages of manufacture before the completed article is produced. These various steps employed in making the cloth and other articles entering into a dress constitute manufacture, just as the conversion of the cloth and trimmings into a dress likewise constitutes manufacture.

But it is not to be understood that everyone who may be employed to make a dress within the District of Columbia comes within the limitations of the statute. The act applies only to manufacturing establishments. The word "establishment" in this connection has a well-defined meaning. It is a place devoted, as in the present case, to dressmaking,—a place where the public is invited to come and have its work done,—a fixed place where plaintiff in error conducted her business,—as distinguished from a mere itinerant dressmaker who maintains no fixed place in which to conduct her business.

The term "mercantile establishment" may be said to refer to a place where the buying and selling of articles of merchandise as an employment is conducted. "It implies operations conducted with a view of realizing the profits which come from skilful purchase, barter, speculation, and sale." *Graham* v. *Hendricks,* 22 La. Ann. 523.

It is clear, we think, that plaintiff in error was engaged in the business of manufacturing, but was not conducting a mercantile establishment. The goods she purchased and kept in her place of business were not kept there for sale, but to be used in the manufacture of dresses. In a case closely analogous (*State* v. *West,* 34 Mo. 424) the court said: "One who manufactures and supplies goods alone to the previous order of his customers, although he keeps on hand, but not for sale, the materials from which the manufactured articles are produced, is not a merchant within the meaning of the statute. The facts agreed in this case show that the business of the appellant con-

sisted exclusively in fabricating suits and parts of suits of clothing for his customers, upon their previous orders. He was a manufacturer, and not a merchant."

It is not important that plaintiff in error may have occasionally shipped dresses to North Carolina, where they were sold. These transactions were not different in legal effect from the sale of manufactured dresses to those for whom they were made to order. There is no evidence that she purchased goods and subsequently sold them for profit or speculation. They all entered into the articles manufactured. Her profit accrued not through mercantile transactions, but from manufacturing the product sold.

The contention is without merit that the information is defective in that it charged plaintiff in error in a single count with operating both a manufacturing and a mercantile establishment. It is elementary that two crimes cannot be charged in the same count, but here only one crime is charged; namely, the requiring of female employees to work not more than eight hours a day. The statute enumerates a number of conditions under which the crime may be committed, one, at least, of which must be shown to exist before the charge can be sustained; but more than one of the conditions may exist in a given case. It is competent, therefore, to allege any number or all of the conditions enumerated, any one of which, if proved, being sufficient to establish the commission of the single offense defined in the statute.

The evidence is amply sufficient to support the verdict of the jury finding plaintiff in error guilty of the commission of the offenses charged in the first, third, and fourth counts of the information. The judgment is affirmed, with costs.

*Affirmed.*

A petition for the allowance of an appeal to the Supreme Court of the United States was denied November 13, 1915.