

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXX XXXXXXXXXXXX XXXXX
ATTORNEY GENERAL

Hon. Joe Junschik, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-1723
Re:  Construction of Article 1571 of
the Penal Code of Texas, 1925.

This will acknowledge receipt of your letter of November 20,
1939, in which you submit for an opinion of this Department
the following questions:

"1. Does Article 1571, P. C., exempt from the provisions
of said chapter <u>all</u> persons, institutions, establishments,
and enterprises in cities that had less than three thousand
inhabitants, as shown by the last preceding Federal census?

"2. Does this article exempt from the provisions of said
chapter stenographers and pharmacists in any and all cities,
regardless of the population of said cities?"

Article 1569 of the Penal Code of Texas, 1925, as amended by
Acts of the 43rd Legislature, reads:

"No female shall be employed:

"1. In any factory, mine, mill, workshop, mechanical or
mercantile establishment, hotel, restaurant, rooming house,
theater, moving picture show, barber shop, beauty shop,
road side drink and/or food vending establishment, tele-
graph, telephone or other office, express or transportation
company, or any State institution, or enterprise where females
are employed, for more than nine (9) hours in any one (1)
calendar day nor more than fifty-four (54) hours in any
one (1) calendar week.

"2. In any laundry or cleaning and pressing establishment
for more than fifty-four (54) hours in one (1) calendar
week; the hours of work to be so arranged as to permit the
employment of such female at any time so that she shall
not work more than a maximum of eleven (11) hours during
the twenty-four (24) hour period of one (1) day.

"3. In any factory engaged in the manufacture of cotton, wollen or worsted goods or articles of merchandise manufactured out of cotton goods, for more than ten (10) hours in any one (1) calendar day nor more than sixty (60) hours in any one calendar week.

Article 1570 of the Penal Code provides that employers in certain types of business undertakings where females are employed shall furnish adequate seats for their use when not actually engaged in their duties.

Article 1571 of the Penal Code, as amended by the First Called Session of the 41st Legislature, reads:

"The two preceding Articles shall not apply to stenographers and pharmacists, not to mercantile establishments or telegraph or telephone companies in rural districts and in cities or towns or villages of less than three thousand inhabitants as shown by the preceding Federal census, nor to superintendents, matrons, nurses and attendants employed by, in and about such Orphans' Homes as are charitable institutions, not run for profit, and not operated by the State. In cases of extraordinary emergencies, such as great public calamities or where it becomes necessary for the protection of human life or property, longer hours may be worked."

Thus it appears from Article 1571, supra, that it was the intention of the Legislature that stenographers and pharmacists be exempted from the protection of Article 1569, supra, regardless of the population of the town or city in which they might be employed.

Article 1571, supra, likewise provides that Articles 1569 and 1570 shall not apply "to mercantile establishments or telephone companies in rural districts and in cities or towns or villages of less than three thousand inhabitants, according to the preceding Federal census."

Your first question involves a determination of whether or not the terms of Article 1571, supra, are broad enough to exempt all persons, firms and corporations from the provisions of Articles 1569 and 1570, supra.

It will be noted that there are a number of different types and character of business institutions mentioned in Article 1560 which are not specifically mentioned in Article 1571 and which cannot possible be exempted except upon the theory that "mercantile establishments" is sufficiently broad to embrace the whole business field.

A mercantile establishment is a place where the buying and selling of articles of merchandise is conducted. Basey Drug Company vs. Bruza, 37 Pac. 2nd 294.

The court, in the above case, said:

"The word 'mercantile' in its ordinary acceptance means 'pertaining to the business of merchants and is concerned with trade or buying and selling of merchandise'. Citing People vs. Federal Security Co., 255 Ill. 561, 99 NE 668; H. H. Kohlsoot & Co. vs. O'Connell, 255 Ill. 271, 99 NE 669.... Thus, while the word 'establishment' may mean almost any kind or character of institution, location, building, or place, yet its meaning is greatly restricted when used following the word 'mercantile' and the expression 'mercantile establishment' must mean and refer to an institution or mercantile business or a place, building or location where the mercantile business or the buying or selling of merchandise is conducted or engaged in.

A mercantile establishment is a place where the buying and selling of articles or merchandise is conducted.

Citing Hotchkiss vs. District of Columbia, 44 App.D.C., 73.

Penal statutes such as we have involved in this opinion are to be strictly construed against the State and in favor of the accused. State vs. Elliot, 34 Tex. 148. This rule is necessarily modified, however, to a limited extent by Article 7 of the Penal Code which directs that every law be construed "according to the plain import of the language in which it is written". The Supreme Court, in the case of Thompson vs. Missouri, K.&T. Ty . Col, 126 SW 257, said:

"The proper course is to search out and follow the true intent of the Legislature and to adopt that sense which harmonizes best with the context and promotes in the following manner the apparent policy and objects of the legislature."

It is a fundamental rule of construction that an exception to a statute is, as a rule, strictly construed against one claiming its benefits and one claiming such benefits will be required to show that he comes within its terms. Evans vs. American Publishing Col, 13 SW 2nd 358, 39 Tex. Jur. 277, para. 148.

Applying the above mentioned definitions of mercantile establishments and rules of construction to the questions submitted, we believe that "mercantile establishments" as used in Article 1569, is given its restricted meaning by the Legislature and that the exceptions or exemptions contained in Article 1571 are to be strictly construed in favor of the State so as to carry out the intention of the Legislature.

It is therefore, the opinion of this Department and you are so advised that Articles 1569 and 1570, supra, apply to a ll s ections of the State whether rural d istricts, cities, towns or villages regardless of the population of such subdivisions unless t hey come within the exceptions contained in Article 1571, supra. We do not undertake to advise what particular business institutions come within the t erm "mercantile establishments" except that t hey be tested by the definitions hereinabove contained.

Article 1571, supra, exempts stenographers and pharmacists from the provisions of Articles 1569 and 1570, supra, regardless of the population of the cities in which they might be employed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Lloyd Armstrong
Assistant

LA:AW

APPROVED DEC 1, 1939

ATTORNEY GENERAL OF TEXAS