## HUNT v. DISTRICT OF COLUMBIA.
### No. 357.

Municipal Court of Appeals for the
District of Columbia.
June 17, 1946.
Rehearing Denied July 11, 1946.

John T. Bonner, of Washington, D. C.,
for appellant.

Milton D. Korman, Asst. Corp. Counsel,
of Washington, D. C. (Vernon E. West,
Corp. Counsel, Chester H. Gray, Principal
Asst. Corp. Counsel, and Henry E. Wixon,
Asst. Corp. Counsel, all of Washington, D.
C., on the brief), for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was charged with vagrancy in
violation of Section 22—3302 of the Dis-
trict Code. Prior to her trial, the govern-
ment moved to consolidate the case against
appellant with those of two other persons
who had been arrested at the same time
and place and were similarly charged. The
motion being granted, a single trial was
had on the three informations. Appellant
was convicted and here asserts that the
trial court erred in consolidating the cases
for trial.

Authority for joinder of offenses and
defendants in the Criminal Branch of the
Municipal Court is outlined by rule 5(a)
and (b) of that court:

"(a) Joinder Of Defendants. Two or
more defendants may be charged in the
information if they are alleged to have
participated in the same act or transaction
or in the same series of acts or transactions
constituting an offense or offenses.

"(b) Trial Together Of Informations.
The Court may order two or more infor-
mations to be tried together if the offenses,
and the defendants if there is more than
one, could have been joined in a single in-
formation. The procedure shall be the
same as if the prosecution were under such
single information."

It is clear from this rule that the consoli-
dation was proper only if the defendants
were alleged to have participated in the
same act or series of acts which constituted

the offense with which each was charged. It is our opinion that the acts of each were separate and distinct and had to be separately proven, and that the trial court erred in granting a consolidation.

The information upon which the appellant was charged consisted of two counts. Since she was found not guilty on the first count, we shall confine ourselves to a consideration of the second. That count alleged that the appellant since February 3, 1945, had been a vagrant, "to wit; a person who frequents, and is employed in a house and establishment of ill fame, and who engages in and commits acts of fornication and perversion for hire."[1]

The informations charging the other two defendants were similar except that the period of time over which the alleged vagrancy had continued differed in each case. The only common ground between the acts of all defendants, however, was that they took place at 1713 Pennsylvania Avenue, N. W., and "divers other places in the District of Columbia." There is no conspiracy or joint commission of a crime alleged.

Vagrancy is a status or condition and the statute punishes one for being a certain kind of person, not for the doing of an overt act. The crime is personal and individual. It is not a crime that can be committed jointly or in concert, for in essence it is a personal condition arrived at not instantaneously but by a mode of living. Even if it be possible for several persons to conspire to become vagrants of the sort charged here, no claim is made that the vagrancy of any of the defendants resulted from joint acts or agreements with the others. While the same government witness testified that he had engaged in relations with each of the defendants at different times, that testimony had no weight in proving that the three had been involved in the same acts or transactions. True, they were similar acts but they were not the same act or the same series of acts.

With regard to the assertion that the same evidence could be used against all three, the government had the burden of proof against each defendant, i. e., it must prove that each individual frequented the house and that each engaged in acts of fornication for hire. Here there was no conspiracy where the overt acts or admissions of one could have been used against the others. Enlarging the scope of the testimony to include proof against all three indicates the reason for the restrictions on joinder. There is danger that such a procedure will result in evidence against one being used cumulatively against the others when it actually is not applicable to them. The government, in support of its charge that the defendants had engaged in fornication for hire, produced a witness who testified that he had never given money to appellant but had paid two other persons, one of whom is a defendant in one of the cases here consolidated. When the house was entered and the arrests made, one of the other defendants was found without clothing and with money in her possession which the government had marked and furnished to a witness the night of the arrest. Under such circumstances a much stronger case could be made against that defendant than against the appellant and unless the evidence was used cumulatively against her, it had no relation to the charge that appellant had engaged in fornication for hire.

Our attention has been called to 18 U.S.C.A. § 557, permitting consolidation of indictments under certain circumstances. That statute has been the subject of consideration in many federal cases and some circuits have given it a broader interpretation than others. However, we have been unable to locate any case in which a federal court has permitted consolidation of trials of two defendants who engaged separately and without concert of purpose in independent crimes of the same nature.

---

[1] One of the classes of persons defined by the statute as vagrants is: "Any person who keeps, operates, frequents, lives in, or is employed in any house or other establishment of ill fame, or who (whether married or single) engages in or commits acts of fornication or perversion for hire." Code 1940, § 22—3302 (4).

■ Municipal Court rules 5(a) and 5 (b) closely follow the language of·rules 8 (b) and 13 of the recently adopted Federal Rules of Criminal Procedure. Federal rules 8 and 13, however, do not appear to have made any substantial changes in the previously existing federal practice [2]; and we find nothing in present or past federal practice lending support to an interpretation of Municipal Court rule 5 which would justify the practice adopted in the present case.

While it may be true that consolidation of cases would result in savings of time and expense to the government and its witnesses, that consideration cannot be permitted to override the judicial rules designed to guarantee each litigant a fair and impartial trial.

Reversed with instructions to award a new trial.

---

[2] The first and second preliminary drafts of the Federal Rules contain full and instructive notes on the subject.