**DISTRICT OF COLUMBIA v. HUNT.**

**No. 9345.**

·United States Court of Appeals
District of Columbia.

Argued March 3, 1947.
Decided May 5, 1947.

EDGERTON, Associate Justice, dissenting.

Mr. Milton D. Korman, Assistant Corporation Counsel, District of Columbia, with whom Messrs. Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Assistant Corporation Counsel, and Henry E. Wixon Assistant Corporation Counsel, District of Columbia, were on the brief, for appellant.

Mr. John T. Bonner, of Washington, D. C., with whom Mr. James K. Hughes, of Washington, D. C., was on the brief, for appellee.

Before STEPHENS, EDGERTON, and WILBUR K. MILLER, Associate Justices.

STEPHENS, Associate Justice:

This appeal presents a question as to the propriety of consolidation for trial, in the Criminal Division of the Municipal Court, on motion of the appellant District of Columbia, of three informations separately charging each of three women, Mary Karika, Carmen Beach, and the appellee Judy Hunt, with being a vagrant in violation of paragraphs (3) and (4) of D.C.Code, 1940 Supp. V, § 22—3302, 55 Stat. 808, ch. 589, § 1, Act Dec. 17, 1941. The text of those parts of the statute which are pertinent is printed in the margin.[1]

The information against the appellee contained two counts. The first charged that between February 3, 1945, and the date

[1] "§ 22—3302. 'Vagrants' defined.

"The following classes of persons shall be deemed vagrants in the District of Columbia:

"(1) Any person known to be a pickpocket, thief, burglar, confidence operator, or felon, either by his own confession or by his having been convicted in the District of Columbia or elsewhere of any one of such offenses or of any felony, and having no lawful employment and having no lawful means of support realized from a lawful occupation or source, and not giving a good account of himself when found loitering around in any park, highway, public building, or other public place, store, shop, or reservation, or at any public gathering or assembly.

"(2) Any person upon whom shall be found any instrument, tool, or other implement for picking locks or pockets or that is usually employed or reasonably may be employed in the commission of any crime who shall fail satisfactorily to account for the possession of the same.

"(3) *Any person leading an immoral or profligate life who has no lawful employment and who has no lawful means of support realized from a lawful occupation or source.*

"(4) *Any person who keeps, operates, frequents, lives in, or is employed in any house or other establishment of ill fame, or who (whether married or single) engages in or commits acts of fornication or perversion for hire.*

"(5) Any person who frequents or loafs, loiters, or idles in or around or is the occupant of or is employed in any gambling establishment or establishment where

intoxicating liquor is sold without a license.

"(6) Any person wandering abroad and lodging in any grocery or provision establishment, vacant house, or other vacant building, outhouse, market place, shed, barn, garage, gasoline station, parking lot, or in the open air, and not giving a good account of himself.

"(7) Any person wandering abroad and begging, or who goes about from door to door or places himself in or on any highway, passage, or other public place to beg or receive alms.

"(8) Any person who wanders about the streets at late or unusual hours of the night without any visible or lawful business and not giving a good account of himself.

"(9) And all persons who by the common law are vagrants, whether embraced in any of the foregoing classifications or not. (Dec. 17, 1941, 55 Stat. 808, ch. 589, § 1)."

\* \* \*

"§ 22—3304. Penalty—Conditions imposed by court.

"Any person convicted of vagrancy under the provisions of sections 22—3302 to 22—3306 shall be punished by a fine of not more than $300 or imprisonment for not more than ninety days, or by both such fine and imprisonment, in the discretion of the court. The court may impose conditions upon any person found guilty under the aforesaid provisions and so long as such person shall comply therewith to the satisfaction of the court the imposition or execution of sentence may be suspended for such period as the court may direct; and the court may at or before the expira-

of the information, August 8, 1945, at 1713 Pennsylvania Avenue, Northwest, and divers other places, in the District of Columbia, she was "a vagrant, to wit; a person leading an immoral and profligate life who has no lawful employment and has no lawful means of support realized from a lawful occupation and source . . .." The second count charged that at the same time and places she was "a vagrant, to wit; a person who frequents, and is employed in a house and establishment of ill fame, and who engages in and commits acts of fornication and perversion for hire . . .." The informations against Mary Karika and Carmen Beach differed from that against the appellee and from each other only in respect of the dates when the vagrancy was charged to have commenced and in respect of the names of the defendants. After each of the defendants had pleaded not guilty, the appellant moved to consolidate the three cases for trial, and over the objection of the appellee this motion was granted. The three cases were accordingly tried together. The appellee was found not guilty under the first count, but guilty under the second, and was sentenced to pay a fine of $200 or to serve sixty days in jail. The disposition of the charges against the other two defendants does not appear in the record. The appellee appealed to the Municipal Court of Appeals, assigning as error the granting of the motion for consolidation. That court held the consolidation improper and therefore reversed the conviction and ordered a new trial. The appellant, under D.C.Code, 1940 Supp. V, § 11—773, 56 Stat. 196, ch. 207, § 8, Act April 1, 1942, made petition for allowance of an appeal to this court. On account of the practical importance in prosecutions in the Municipal Court of the question of the propriety of the consolidation, we allowed the appeal.

■ Consolidation of informations for trial in the Municipal Court is governed by a rule entitled "Joinder and Consolidation" the text of which we print in the margin.[2] The question for decision is whether or not the order of consolidation was proper under this rule. We agree with the decision of the Municipal Court of Appeals that it was not proper.

■ Under the plain words of the rule consolidation of two or more informations for trial is conditioned upon the possibility of joinder of the offenses and of the defendants in a single information; and such joinder is permitted only if the defendants are alleged to have participated in the *same* act or transaction or in the *same* series of acts or transactions constituting an offense or offenses.

■ A vagrant is a probable criminal; and the purpose of the statute is to prevent crimes which may likely flow from his mode of life.[3] Hence the statute denounces and makes punishable being in a

tion of such period remand such sentence or cause it to be executed. Conditions thus imposed by the court may include submission to medical and mental examination, diagnosis, and treatment by proper public health and welfare authorities, and such other terms and conditions as the court may deem best *for the protection of the community and the punishment, control, and rehabilitation of the defendant.* The health officer of the District of Columbia, the Women's Bureau of the Police Department, the Board of Public Welfare, and the probation officers of the court are authorized and directed to perform such duties as may be directed by the court in effectuating compliance with the conditions so imposed upon any defendant. (Dec. 17, 1941, 55 Stat. 809, ch. 589, § 3)." [Italics supplied]

[2] "(a) Joinder of Defendants. Two or more defendants may be charged in the information if they are alleged to have par-

ticipated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

"(b) Trial Together of Informations. The Court may order two or more informations to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single information. The procedure shall be the same as if the prosecution were under such single information." [Rule 5, Rules Regulating Practice before the Criminal Division of the Municipal Court for the District of Columbia, October 2, 1944].

[3] This is confirmed by the terms of § 22—3304 which are italicized in footnote 1; by the legislative history of the statute ("The measure as drafted is directed primarily to persons who are a potential menace to the community . . .." H.R. Rep.No.1248, 77th Cong., 1st Sess. (1941) (Ser. No. 10557) ); by the construction that the Municipal Court of Appeals has

condition of vagrancy rather than, as contended by the appellant, the particulars of conduct enumerated in the statute as evidencing or characterizing such condition. Accordingly the "act or transaction or . . . series of acts or transactions constituting an offense or offenses" in which the appellee was alleged to have participated were, in the first count, being "a person leading an immoral and profligate life who has no lawful employment and has no lawful means of support realized from a lawful occupation and source," and, in the second count, being "a person who frequents, and is employed in a house and establishment of ill fame, and who engages in and commits acts of fornication and perversion for hire." But this being a person leading, or who frequents, etc., charged to the appellee is not the same as that charged to Mary Karika and is not the same as that charged to Carmen Beach. A condition personal to a given individual is not the same as a condition personal to another even though each such condition is evidenced by particulars of conduct described in the same words. The conditions are merely similar.

Even if the contention of the appellant that what the statute denounces is not the condition of vagrancy but the particulars of conduct enumerated in § 22—3302 be, arguendo, accepted, still the result is the same. For acts of immorality, profligacy, frequenting and employment in a house of ill fame and acts of fornication or perversion for hire ascribed to the appellee, in the very nature of such acts, cannot be the same as those charged to Mary Karika or those charged to Carmen Beach. Such acts are similar, but not identical. And the "series" of such "acts or transactions" ascribed to the appellee cannot be the same as the "series" charged to Mary Karika or to Carmen Beach. Each "series" would be similar to the others but not identical therewith.

■ The appellant urges that the question of consolidation is within the discretion of the trial judge and that no abuse is shown. This ignores the clear terms of the rule making consolidation of informations for trial dependent upon the possibility of joinder, and making joinder dependent upon allegations that the defendants separately charged participated in the "same act or transaction or in the same series of acts or transactions." If these conditions are fulfilled, there is a discretion, i. e., then the trial judge "may" consolidate the informations for trial, although he is not required to do so. But if, as in the instant case, the acts or transactions in which the several defendants are alleged to have participated are not the same, then, the condition for joinder being unfulfilled, there is no discretion with respect to consolidation. The Municipal Court is authorized by statute "to make rules of practice, pleading, and procedure, not inconsistent with law, and to modify and change the same from time to time, to insure the proper administration of justice." D.C.Code 1940, § 11—722, 41 Stat. 1312, ch. 125, § 11,

put upon the statute ("Our statute, like other vagrancy statutes, is in the nature of a police regulation to prevent crime, and was enacted for the enforcement of good order and public safety." Clark v. District of Columbia, 1943, 34 A.2d 711, 712); and by the history of vagrancy legislation in this country and in England (see III Stephen, History of the Criminal Law of England 266–275 (1883); 3 Burdick, Law of Crime §§ 979–983 (1946); 2 Jacob, Law-Dictionary Vagrants (1797)). It is also confirmed by the fact that many of the acts which are enumerated in the statute as evidencing or characterizing vagrancy are themselves independently dealt with in other provisions of D.C.Code 1940: Keeping an establishment of ill fame, referred to in paragraph (4) of § 22—3302 (Supp. V), is made punishable by § 22—2722. While fornication or perversion for hire, also referred to in paragraph (4) of § 22—3302 (Supp. V), is not as such elsewhere dealt with, fornication is in § 22—1001, and inviting for purposes of prostitution is made punishable by § 22—2701. Adultery, broadly embraced within paragraph (4) of § 22—3302 (Supp. V), in the phrase "(whether married or single)," is independently defined and made punishable in § 22—301. Gambling, referred to in paragraph (5) of § 22—3302 (Supp. V), is independently dealt with in § 22—1501 through 1512 (Chapter 15—Gambling). The possession of implements which may be employed in the commission of any crime, referred to in paragraph (2) of § 22—3302 (Supp. V), is more specifically dealt with in § 22—3214.

Act March 3, 1921. The rules have the force of law. Wise v. Herzog, 1940, 72 App.D.C. 335, 114 F.2d 486.

■ The appellant asserts that the rule substantially parallels Rev.Stat. 1878, § 1024, 18 U.S.C.A. § 557, and that thereunder consolidation is discretionary. But the rule and the statute are not parallel. Rev. Stat. § 1024 provides:

"When there are several charges against any person for the same act or transaction, *or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined,* instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated." [Italics supplied]

It is by virtue of the italicized words that a Federal trial court is invested with a discretion in respect of consolidation. Firotto v. United States, 8 Cir., 1942, 124 F.2d 532; Morris v. United States, 9 Cir., 1926, 12 F. 2d 727, petition for writ of certiorari dismissed per stipulation of counsel, 1926, 296 U.S. 666, 57 S.Ct. 755. Those words do not occur in the Municipal Court rule.

■ The appellant relies also upon Section 269, as amended, of the Judicial Code, providing that "On the hearing of any appeal . . . in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." [4] But erroneous denial of a separate trial cannot be classed as merely technical. The right not to be tried with another or others in whose cases the evidence would relate to a distinct, even though similar, act than that in which a defendant is alleged to have participated, is a substantial procedural right. It is a fundamental of our system of law that one person shall not be held criminally responsible for the independent act of another. And the fate, in a consolidated trial, of one defendant can hardly be unaffected by evidence relating to the acts of others. Moreover, in the instant case actual prejudice is obvious. We quote from the opinion of Judge Hood, speaking for the Municipal Court of Appeals:

". . . Enlarging the scope of the testimony to include proof against all three indicates the reason for the restrictions on joinder. There is danger that such a procedure will result in evidence against one being used cumulatively against the others when it actually is not applicable to them. The government, in support of its charge that the defendants had engaged in fornication for hire, produced a witness who testified that he had never given money to appellant [appellee in the instant appeal] but had paid two other persons, one of whom is a defendant in one of the cases here consolidated. When the house was entered and the arrests made, one of the other defendants was found without clothing and with money in her possession which the government had marked and furnished to a witness the night of the arrest. Under such circumstances a much stronger case could be made against that defendant than against the appellant and unless the evidence was used cumulatively against her, it had no relation to the charge that appellant had engaged in fornication for hire. [Judy Hunt v. District of Columbia, No. 357, June 17, 1946, 47 A.2d 783, 784]"

The appellant asserts that the Municipal Court of Appeals impliedly and erroneously ruled that in order to consolidate for trial informations charging the crime of vagrancy against several defendants it is necessary to allege and prove that they conspired to commit the acts alleged. We find no such ruling.

■ The appellant calls attention to a statement in the opinion of the Municipal Court of Appeals that "the government * * * must prove that each individual frequented the house *and* that each engaged in acts of fornication for hire. . . ." [Italics supplied] The appellant contends that this is erroneous, asserting that where legislative definition of a crime

---

[4] Rev.Stat.1878, § 726, 36 Stat. 1163, Act March 3, 1911, 40 Stat. 1181, Act Feb. 26, 1919, 28 U.S.C.A. § 391.

sets forth disjunctively a number of acts, the commission of any one of which will be a violation of the statute, the prosecution may in a single count of an indictment or information charge several or all of such acts in the conjunctive and under such charge make proof of any one or more of the acts, proof of one alone, however, being sufficient to support a conviction. This is correct and the statement in the opinion of the Municipal Court of Appeals is erroneous. Crain v. United States, 1896, 162 U. S. 625, 16 S.Ct. 952, 40 L.Ed. 1097; O'Brien v. United States, 1906, 27 App.D.C. 263; Hotchkiss v. District of Columbia, 1915, 44 App.D.C. 73, L.R.A.1917C, 922.

Judgment affirmed.

EDGERTON, Associate Justice (dissenting).

I think the second counts of the three informations, considered together, charge "two or more defendants * * * to have participated * * * in the same series of acts or transactions constituting * * * offenses." Therefore the Rule covers the case. It is immaterial that the informations do not charge participation in "the same act or transaction."

The words "the same series of acts" seem to me strictly applicable to the acts charged here. Although each single act was that of only one defendant, (1) the acts were similar in nature and purpose, (2) all were committed at or near the same time and at or near the same place, and (3) all were parts of the same illegal enterprise. I can think of no case in which it would seem to me clearer that "two or more defendants" who did not participate in "the same act or transaction" did participate in "the same series of acts or transactions constituting * * * offenses."

The Rule is the Municipal Court's announcement that the court will try two or more defendants together in certain circumstances. If the described circumstances were not, as I think they were, present here, two questions would arise: (1) whether the Rule implied that the court would never try defendants together in any other circumstances than those described, and (2) whether such an announcement, if made, would bind the court as against this appellant. Deviation from procedure established by a rule of court may or may not amount to reversible error. In the view I take of the case it is unnecessary to consider these questions.