Gwendolyn COLEY, alias Gwendolyn Young, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2827.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 18, 1961.

Decided Feb. 13, 1962.

DeLong Harris, Washington, D. C., for appellant.

H. Thomas Sisk, Asst. Corporation Counsel, Washington, D. C., with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

This is an appeal from a conviction for vagrancy. The prosecution was initiated pursuant to Subsections (3) and (8) of Section 22–3302, Code 1961, which classify a vagrant as:

"Any person leading an immoral or profligate life who has no lawful employment and who has no lawful means of support realized from a lawful occupation or source."

"Any person who wanders about the streets at late or unusual hours of the night without any visible or lawful business and not giving a good account of himself."

The case was tried by a judge sitting without a jury. The sole question presented is whether the evidence is sufficient to support either theory; if so, the conviction must stand.

The District's case rests upon the testimony of the two police officers involved in the arrest. On January 28, 1961, at 1:30 a. m., while on duty the officers observed appellant and a female companion approaching two men who were walking in the 1600 block of 16th Street, N. W. The women followed two or three feet behind the men as far as the corner of 16th and L Streets, at which point the four became engaged in conversation. Shortly thereafter, they paired off and entered a nearby building. After a brief interval, the officers entered the building where they found appellant's companion performing an indecent act on her male partner. Continuing to the second floor landing, one of the officers located appellant and her escort. He brought them downstairs, whereupon this exchange between the officer and appellant ensued:

"Q. What is the address of this place?

"A. I don't know.

"Q. Where do you live?

"A. North East.

"Q. What are you doing here?

"A. None of your goddamn business."

Both women were then placed under arrest.[1]

One of the officers also testified, over objection, to appellant's behavior on three occasions prior to the January 28 incident. He stated that he first saw appellant, accompanied by the same companion, in the 1600 block of K Street, N. W., at approximately 2:40 a. m. on March 26, 1960. In answer to his inquiry, appellant told him

---

1. Appellant's companion and codefendant was also charged and convicted but did not appeal.

that they were "broke and out to make a couple of bucks." On June 4, 1960, at 2:00 a. m., he again met the two women at Connecticut Avenue and L Street, and they repeated their earlier explanation of being "broke and out to make a few bucks." The third encounter took place on November 26, 1960, at 11:30 p. m., in the 1700 block of DeSales Street, N. W. On this occasion appellant told him that she had just come from a party but that she was unable to recall its location.

■■■ Appellant assigns as error the admission of this background testimony. It is settled that vagrancy consists of a continued course of immorality, a pattern of iniquity, rather than a solitary instance of wrongdoing.[2] For the purpose of showing this constitutent element—that appellant's immorality was customary and continuous—the District was entitled to show these prior acts and admissions of appellant, under the exceptional circumstance allowing proof of such other connected acts as evidence of a continuous operation.[3]

As for appellant's unsubstantiated testimony at trial that she had a legitimate source of income, namely, $20 per week alimony and lodging provided by her mother, this matter presented a factual question for the trial court to determine. Considered in the light of the entire record, we cannot say that the court should have believed her statement and reached a contrary decision.

■■■ We hold there was substantial evidence of habitually immoral conduct on the part of appellant and the issue of lawful income presented a fact question. The conviction is therefore

Affirmed.

2. Mitchell v. District of Columbia, D.C. Mun.App., 113 A.2d 566 (1955); Hunt v. District of Columbia, D.C.Mun.App., 47 A.2d 783 (1946), affirmed at 82 U.S.App. D.C. 159, 163 F.2d 833 (1947).

3. See, e. g., Bracey v. United States, 79 U.S.App.D.C. 23, 142 F.2d 85, cert. de-

nied 322 U.S. 762, 64 S.Ct. 1274, 88 L.Ed. 1589 (1944); Witters v. United States, 70 App.D.C. 316, 106 F.2d 837, 125 A.L.R. 1031 (1939); Payne v. United States, D.C.Mun.App., 171 A.2d 509 (1961).