**Beatrice DREW, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3106.**

District of Columbia Court of Appeals.

Argued Nov. 13, 1962.

Decided Jan. 18, 1963.

Dorsey Evans, Washington, D. C., for appellant.

Joseph G. Hitselberger, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant was charged with vagrancy in violation of Code 1961, § 22–3302(3) and (4), which define a vagrant as:

"(3) Any person leading an immoral or profligate life who has no lawful employment and who has no lawful means of support realized from a lawful occupation or source.

"(4) Any person who keeps, operates, frequents, lives in, or is employed in any house or other establishment of ill fame, or who (whether married or single) engages in or commits acts of fornication or perversion for hire."

The trial court, sitting without a jury, found appellant guilty of violating subsection (4) only. The sole question presented is whether the evidence was sufficient to support the trial court's finding.

The government's case rested solely upon the testimony of two police officers, one of whom received information concerning appellant through "police channels." He testified that acting on this information, he placed three telephone calls to appellant's residence, representing himself on two occasions to be an insurance salesman. He told appellant he wanted to meet her and that he had heard she was a

nice girl. On the third call, the question of money was discussed and he inquired whether appellant would be willing to perform an act of perversion. She replied, "We'll talk about that when we get there," and they arranged to meet on a certain street corner.

The officer further testified that another officer was detailed to keep the appointment and that he was to observe the meeting from a nearby automobile. From this vantage point he saw appellant enter the other officer's car.

The second officer testified that upon entering his automobile, appellant accepted ten dollars to commit an act of perversion and that he drove her by a circuitous route to a precinct where she was charged. On cross-examination he testified that "he knew of no other incident where the defendant had been observed, arrested or convicted of carrying on any unlawful conduct." He denied knowing whether the first officer had made more than three telephone calls to appellant's residence but did state that appellant informed him at the precinct that she had agreed to the meeting in order to find out if her husband was making trouble for her.

Appellant testified in her own behalf that seven telephone calls had been received at her residence from an unknown male representing himself to be either an automobile salesman or an insurance salesman; that she ignored the majority of the calls but finally agreed, upon the advice of her roommate, to go and find out "just who it is and why he keeps calling." She further testified that she had never been arrested or convicted of any violation of law.

 This court has recently held that vagrancy consists of a continuing course of immorality, a pattern of iniquity, rather than a solitary instance of wrongdoing.[1] Absent evidence of a course of conduct or

mode of living or status prejudicial to the public welfare, a vagrancy conviction cannot stand. In the present case the government's evidence falls far short of meeting these standards. Accordingly, the case is reversed with instructions to enter judgment of acquittal.

It is so ordered.

</div>

---

[1]. Coley v. District of Columbia, D.C.Mun. App., 177 A.2d 889 (1962); see Hunt v. District of Columbia, D.C.Mun.App., 47 A.2d 783 (1946), aff'd 82 U.S.App.D.C. 159, 163 F.2d 833 (1947).