**Rita GOLDEN, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3652.**

District of Columbia Court of Appeals.

Argued March 1, 1965.

Decided May 12, 1965.

Rehearing Denied May 28, 1965.

William J. Garber, Washington, D. C., for appellant.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellant was convicted of vagrancy in violation of D.C.Code 1961, § 22–3302(4), which defines a vagrant as:

"Any person who * * * engages in or commits acts of fornication or perversion for hire."

The government's evidence consisted of the following testimony: Officer Aggramonte of the Metropolitan Police Department stated that he telephoned appellant, identified himself as a friend who had "tricked" with her before, and asked to see her. She was busy, but suggested he call again which he did the next evening, arranging at that time to meet her at a local hotel. The next witness, also a police officer, testified that he went to the hotel to a room previously arranged for, and was subsequently met there by the appellant. There was a discussion about price, appellant stating that she got $30. The officer said he had only $20, which he gave to appellant who put the money on the dresser and disrobed. At that point the officer called a second policeman, who by prearrangement was waiting by a house phone on the same floor. The officer came immediately to the door, entered, and finding appellant, according to his testimony,

**4**

clothed only in a slip and bra, with $20 on the dresser, placed her under arrest.

Both officers stated that the arrest took place about 10:00 p. m., and that appellant was thereafter transported to the Woman's Bureau, arriving some 10 or 15 minutes later. She was booked and about 10:30 p. m., taken into a room where a statement of facts was prepared. Over objection, the officers were permitted to testify that appellant told them she had been "hustling for about 20 years."

At the close of the government's case, a motion for judgment of acquittal was made and denied, and defendant-appellant, electing to stand on her motion, was adjudged guilty. This appeal followed.

■ It is settled in this jurisdiction that

"* * * [V]agrancy consists of a continuing course of immorality, a pattern of iniquity, rather than a solitary instance of wrongdoing. Absent evidence of a course of conduct or mode of living or status prejudicial to the public welfare, a vagrancy conviction cannot stand." Drew v. District of Columbia, D.C.App., 187 A.2d 325, 326 (1963).

The principal question before us is whether the government's evidence was sufficient to meet these standards. Necessary to a determination of that question is the disposition first of appellant's argument that her statement that she had been "hustling for about 20 years" was improperly admitted. In support of that argument, appellant points to Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957), in which the Supreme Court ruled:

"The arrested person may, of course, be 'booked' by the police. But he is not to be taken to police headquarters in order to carry out a process of inquiry that lends itself, even if not so designed, to eliciting damaging state-

ments to support the arrest and ultimately his guilt." Id. at p. 454, 77 S.Ct. at p. 359.

We find appellant's argument in this respect to be without merit. There is no showing in the record that appellant's statement was other than completely voluntary and spontaneous, or that it was sought or elicited in response to police interrogation. Absent such a showing, it cannot be said that the admission of appellant's statement contravenes the Mallory doctrine. Naples v. United States, 113 U.S.App.D.C. 281, 307 F.2d 618 (1962); Fredricksen v. United States, 105 U.S.App.D.C. 262, 266 F.2d 463 (1959).

■ We come then to the question of whether the evidence properly before us is sufficient to establish appellant as a person possessing the status condemned by our Code. The uncontradicted testimony of the officers shows that appellant, after asking a caller, who identified himself as someone who had "tricked" with her before, to call again because she was busy, met him at a hotel room, offered to engage in prostitution for a fee of $30, accepted $20 and disrobed, and after her arrest admitted having "hustled for about 20 years." That evidence, we think, established far more than a mere solitary instance of wrongdoing. It clearly depicts a mode of living which amply supports the conviction.

■ We note in conclusion that appellant's reliance on the defense of entrapment is misplaced.

"Upon any reasonable assessment of the record, it seems manifest that all that * * * [the police officers were] doing was to afford an opportunity for the continuation of a course of criminal conduct, upon which the * * * [appellant] had earlier voluntarily embarked, * * *". Lopez v. United States, 373 U.S. 427, 436, 83 S.Ct. 1381, 1386, 10 L.Ed.2d 462 (1963).

Affirmed.